THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
HILLSBOROUGH COUNTY NORTHERN DISTRICT

    I, W. Michael Scanlon, Clerk of the Superior Court of the State of New Hampshire for the County of Hillsborough North District, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Class Action Complaint, Summons in a Civil Action, Affidavit of Service, Appearance of Kathleen Mahan and Notice of Removal in the action case # 216-2023-CV-00234  Pamela Smith, individually and on behalf of all others similarly situated v. Home Depot U.S.A., Inc.  of said Superior Court.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this 26th day of May A.D. 2023



W. Michael Scanlon

Clerk of Superior Court

Filed
File Date: 4/10/2023 12:20 PM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                              SUPERIOR COURT
NORTHERN DISTRICT

216-2023-CV-00234

PAMELA SMITH,
individually and on behalf of all others similarly situated,
286 Windsor Road
Hillsborough, NH 03244

v.

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road
Atlanta, GA 30339

**CLASS ACTION COMPLAINT**
**Jury Trial Requested**

Plaintiff Pamela Smith, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action against Defendant Home Depot U.S.A., Inc. ("Defendant" or

"Home Depot") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

True Copy Attest

*W. Michael Scanlon*
W. Michael Scanlon, Clerk of Court

May 26, 2023

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

3.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.      Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class

---

[1]      The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns).  Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer. It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID. The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

## THE PARTIES

7.      Plaintiff Pamela Smith ("Plaintiff") is a citizen of New Hampshire, residing in Hillsboro, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of construction materials, lawn and garden tools, and other items to a Home Depot retail store in Concord, New Hampshire.  Plaintiff similarly completed multiple in-store credit transactions at a Home Depot retail store in Concord, New Hampshire.

8.      Defendant required Plaintiff Smith to release the personal information (including, but not limited to, Plaintiff Smith's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff Smith sought to complete the return of an item without showing a receipt (during Plaintiff Smith's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff Smith's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff Smith's DLTs, from Plaintiff Smith's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected

during DLTs – specifically, Plaintiff Smith's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

11.    Plaintiff Smith was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.    Defendant Home Depot U.S.A. Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Defendant Home Depot sells tools, construction products, appliances, and various services, including fuel and transportation rentals. Home Depot is the largest home improvement retailer in the United States.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.    This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.    Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in Hillsborough County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.     For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar[ that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business. And, it is a stalking problem, in my opinion."[7]

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.
[4] *Id.*
[5]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.

18.     Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of  "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms of enforcing motor vehicle records, that motor vehicle records are records that are kept by the Department in its database and involves all registrations, histories, certificates, [and] licenses, including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's understanding that all such material – including driver's licenses and the confidential information contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative history reveals how "the information on your license, and in that [driver's license] magnetic strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the purpose of getting a license or registration is to be used by the Department and by others for those purposes only. It [i]s not to be used as a data bank for marketing. It [i]s not to be used as a data

---

[8] *Id.* at p. 16.
[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

bank for any other purpose; it [i]s to be used only to enforce motor vehicle laws.[13]

21.     Regarding the first of the proscribed types of conduct described by Mr. Kurk – utilizing driver's licenses and the information contained thereby and therein to build a "data bank for marketing" – the New Hampshire state legislature recognized that "the potential is there to take the information off the back of [a driver's] license and keep a track record . . . of people that … come in"[14] to a location.  The General Court noted that a business owner might "break down his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the  hypothetical business owner described *supra* "could find out how many blonde women named Karen over 5' 2" came in over a weekend, how many of his customers have the middle initial M. and, more practically, he can build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash rather than a credit or debit card, by withholding their names from store associates, by choosing not to share with store associates any receipts from their prior purchases, etc.), the hypothetical business owner with prying eyes might – profitably and permanently – link a person's business transactions with that person's identity, simply (and perhaps unbeknownst to said person) by collecting the person's driver's license.  The General Court, through the DPA, wished to put an end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit by usurping the aforementioned property of the state – and to how, by building databases and/or

---

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.
[15] *Id.* at p. 12.
[16] *Id.*

mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.    Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.    The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*.  Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20]  Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.    Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information

---

[17] *Id.* at p. 13.
[18] *Id.*
[19] *Id.*
[20] *Id.*

is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.    However, Defendant plainly violates the Driver Privacy Act.

27.    In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

(a) " Motor vehicle records " means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) " Person " means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) " Personal information " means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

---

[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a)    Home Depot customers' driver's licenses, including the personal

information contained in them, constitute "motor vehicle records."  N.H. RSA 260:14,

I(a).

(b)    Home Depot, as an "organization or entity," constitutes a "person."

N.H. RSA 260:14, I(b).

(c)    The information in Home Depot customers' driver's licenses

(which are "motor vehicle records," as stated *supra*), including each customer's person's

photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information."  N.H. RSA 260:14, I(c).

(d)    Home Depot is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.  N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

31.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.     N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs

11

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.     This conduct plainly violates the DPA.  In fact, over twenty years ago, the New Hampshire Department of Safety issued a cease-and-desist letter to Defendant for similar conduct.  *See* Exhibit A.  ("Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. . . . The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under N.H. RSA 260:14, III, IV or V and therefore this letter serves as notice to cease and desist your current practice.").[22]  Thus, Defendant was aware of the DPA for at least 20 years, and is still violating it anyway.

36.     Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

### CLASS ACTION ALLEGATIONS

37.     Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

---

[22] https://web.archive.org/web/20180917180516/http://www.billericanews.com/news/pdf/homedepot.pdf.

38.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

39.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

40.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     whether Home Depot "knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department";

(b)     whether in the course of business, Home Depot "knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA 260:14, IX(b), and/or any other applicable laws; and

(d)     whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

41.     Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

42.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

43.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Violation of N.H. RSA 260:14, IX(a)

44.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

46.    Home Depot customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

47.    Home Depot, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

48.    The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

49.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

50.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return").

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

51.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department. In addition, any professional or business license issued by this state and held by such person may, upon conviction and at the discretion of the court, be revoked permanently or suspended. Each such unauthorized disclosure, unauthorized use or false representation shall be considered a separate offense.

N.H. RSA 260:14, IX(a).

52.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

53.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

54.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

55.    Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

56.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)    By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has

encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

57.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

58.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

59.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

61.    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

62.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

63.    The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized

image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

64.    Home Depot is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

65.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

        (a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

        (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

66.    N.H. RSA 260:14, IX(b) provides:

        A person is guilty of a class B felony if, in the course of business,
        such person knowingly sells, rents, offers, or exposes for sale
        motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

67.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

19

during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

68.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

69.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

70.    Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

71.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. Rev. Stat. § 260:14, IX(b), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale

their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

72.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

73.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.    For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.  For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.  For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.  For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
PAMELA SMITH,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  April 10, 2023          By:    /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

and

**BURSOR & FISHER, P.A.**

Date:  April 10, 2023          By:    /s/ Philip L. Fraietta
Philip L. Fraietta, NY Bar #5297825
(*to be admitted pro hac vice*)
Matthew A. Girardi, NY Bar #5857057
(*to be admitted pro hac vice*)
888 Seventh Avenue
New York, NY 10019
(646) 837-7150
pfraietta@bursor.com
mgirardi@bursor.com

**EXHIBIT A**

December 5, 2002

Al Richards, Manager
Donna Thornton, Manager
Home Depot
42 D'Amante Drive
Concord, NH  03301

   RE:  NH Driver Privacy Act, RSA 260:14

Dear Mr. Richards and Ms. Thornton:

   It has come to the Department of Safety's attention, by way of complaint, that Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. The Department of Safety received a complaint from a New Hampshire licensed driver who indicated that the person was refused a credit because s/he would not give the driver's license to the clerk.

   Please be advised that the State of New Hampshire has one of the strictest driver privacy laws in the country. Pursuant to RSA 260:14, I(c) "personal information" means "….***information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information***". The law further provides that "[p]roper motor vehicle records shall be kept by the department at its office" and that motor vehicle records "…shall not be public records or open to inspection of any person," other than as proscribed in RSA 260:14.

   Arguably, Home Depot's current practice violates the New Hampshire driver privacy law if such personal information is being required to be furnished by the person and without his or her express consent. The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under RSA 260:14, III, IV or V and therefore this letter serves as notice to ***cease and desist*** your current practice. The Department is providing you with an opportunity to amend your practice prior to taking action it deems necessary to protect individual privacy rights. The New Hampshire Legislature has made it clear that a driver's right to privacy is an important right that should be protected under clear and well defined guidelines.

   Additionally and to that end, this past session the New Hampshire Legislature has enacted Chapter 242, Laws of 2002 which takes effect January 1, 2003. This law makes it a misdemeanor for anyone to knowingly scan, record, retain or store in any electronic form or format, personal information obtained from any New Hampshire license, unless authorized by the Department of Safety. **See** Chapter 242, Laws of 2002. However, as stated in the law, "[n]othing prohibits a person from transferring, in non-electronic form or format, personal information contained on the face of a license to another person, provided that the consent of the license holder is obtained…".

   At this time, the Department has not authorized any scanning, recording, retaining or storing in any electronic form or format, the personal information obtained from any license. It is the Department's

Al Richards, Manager
Donna Thornton, Manager
November 18, 2002
Page 2 of 2

position that the law does not prohibit the photocopy of the front of a driver's license, so long as the photocopy is not scanned into an electronic form or format, and the consent of the license holder is obtained. However, the personal information contained in the photocopy of the driver's license may not be used for creating, retaining, or compiling an electronic database or file. I would appreciate it if Home Depot would review its return policy in light of the fact that the Department of Safety considers the practice of recording and retaining personal information from a driver license, into a database as being contrary to the letter and intent of the driver privacy law.

The law and regulations (Saf-C 5600, Confidentiality of Motor Vehicle Records) may be found at www.state.nh.us/dmv/privacy.html.  I thank you for your anticipated cooperation. If you have any additional questions or concerns, please do not hesitate to contact Marta Modigliani, Esq. I am

Very truly yours,

Richard M. Flynn, Commissioner
Department of Safety

Cc:     John A. Stephen, Assistant Commissioner
        Virginia C. Beecher, Director, Division of Motor Vehicles
        Marta Modigliani, Esq.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

**Case Name:**     **Pamela Smith v Home Depot U.S.A., Inc.**
**Case Number:**   **216-2023-CV-00234**

Date Complaint Filed: April 10, 2023
A Complaint has been filed against Home Depot U.S.A., Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| June 03, 2023 | Pamela Smith shall have this Summons and the attached Complaint served upon Home Depot U.S.A., Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 24, 2023 | Pamela Smith shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Home Depot U.S.A., Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Home Depot U.S.A., Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

  Benjamin T. King, ESQ        Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301

  Home Depot U.S.A., Inc.        2455 Paces Ferry Road Atlanta GA  30339

BY ORDER OF THE COURT

April 19, 2023

W. Michael Scanlon
Clerk of Court

(1261161)



True Copy Attest

*W. Michael Scanlon*
W. Michael Scanlon, Clerk of Court

May 26, 2023

This is a Service Document For Case: 216-2023-CV-00234
Hillsborough Superior Court Northern District
5/30/2023 10:06 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## PAMELA SMITH
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:     **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:   **216-2023-CV-00234**

**Instructions for:** **Pamela Smith**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **June 03, 2023**.

**Further action is required by you**

**You must:**

- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:            Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:            Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:           Rockingham County Sheriff's Department:
Coos County Sheriff's Department:               Strafford County Sheriff's Department:
Grafton County Sheriff's Department:            Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***

Service must be made upon the defendant before **June 03, 2023**.

If the Sheriff is unable to complete service by **June 03, 2023** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by June 24, 2023.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____      Case #: _____

<u>**Who are you requesting to be served?**</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____      APT #: _____

_____

Home phone #: _____      Cell phone #: _____

Sex: ☐ Male   ☐ Female        Race: _____

Last 4 digits of SS#: xxx-xx- _____  _____  _____  _____      D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

<u>**Your Information:**</u>
Name (please print): _____

Residential address:                     Mailing address:

_____      _____

_____      _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Select "I am filing into an existing case". Enter 216-2023-CV-00234 and click Next.

2.  When you find the case, click on the link follow the instructions on the screen. On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4.  If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents. On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


April 19, 2023                                        W. Michael Scanlon
Date                                                 Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:   **216-2023-CV-00234**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Northern District.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Hillsborough Superior Court Northern District** as the location.

3. Select "I am filing into an existing case".  Enter **216-2023-CV-00234** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/28/2023 11:12 AM
Hillsborough Superior Court Northern District
E-Filed Document

**Merrimack County Sheriff's Office**

DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

216-2023-CV-00234

HOME DEPOT USA LLC
10 FERRY ST    313
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    4/25/23

    I, DEPUTY BRIAN J DEFRANZO, on this date at ___12:25___ a.m. p.m.
summoned the within named defendant HOME DEPOT USA INC as within commanded,
by leaving at the office of Registered Agent Corporation Service Company,
10 Ferry Street, Suite 313, Concord, said County and State of New
Hampshire, its true and lawful agent for service of process under and by
virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested
copy of this Summons and Complaint.

FEES

    Service      $30.66
    Postage       1.00
    Travel       18.34
                _____
TOTAL           $50.00

                                DEPUTY BRIAN J DEFRANZO
                            Merrimack County Sheriff's Office



                                **True Copy Attest**

                                W. Michael Scanlon
                                W. Michael Scanlon, Clerk of Court

                                May 26, 2023

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT



Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:      **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:    **216-2023-CV-00234**

Date Complaint Filed: April 10, 2023

A Complaint has been filed against Home Depot U.S.A., Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| June 03, 2023 | Pamela Smith shall have this Summons and the attached Complaint served upon Home Depot U.S.A., Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 24, 2023 | Pamela Smith shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Home Depot U.S.A., Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Home Depot U.S.A., Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Benjamin T. King, ESQ

Home Depot U.S.A., Inc.

Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH 03301

2455 Paces Ferry Road Atlanta GA 30339

BY ORDER OF THE COURT

April 19, 2023

(1261161)

W. Michael Scanlon
Clerk of Court

This is a Service Document For Case: 216-2023-CV-00234
Hillsborough Superior Court Northern District
4/19/2023 11:55 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH  03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:    **216-2023-CV-00234**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Northern District.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Hillsborough Superior Court Northern District** as the location.

3. Select "I am filing into an existing case". Enter **216-2023-CV-00234** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/10/2023 12:20 PM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                                    SUPERIOR COURT
NORTHERN DISTRICT

216-2023-CV-00234

PAMELA SMITH,
individually and on behalf of all others similarly situated,
286 Windsor Road
Hillsborough, NH 03244

v.

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road
Atlanta, GA 30339

### CLASS ACTION COMPLAINT
### Jury Trial Requested

Plaintiff Pamela Smith, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action against Defendant Home Depot U.S.A., Inc. ("Defendant" or

"Home Depot") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

3.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class

---

[1]    The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns).  Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer. It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID. The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.     Such policies and practices are illegal in the state of New Hampshire.

## THE PARTIES

7.     Plaintiff Pamela Smith ("Plaintiff") is a citizen of New Hampshire, residing in Hillsboro, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of construction materials, lawn and garden tools, and other items to a Home Depot retail store in Concord, New Hampshire.  Plaintiff similarly completed multiple in-store credit transactions at a Home Depot retail store in Concord, New Hampshire.

8.     Defendant required Plaintiff Smith to release the personal information (including, but not limited to, Plaintiff Smith's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff Smith sought to complete the return of an item without showing a receipt (during Plaintiff Smith's "non-receipted return").

9.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff Smith's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff Smith's DLTs, from Plaintiff Smith's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected

3

during DLTs – specifically, Plaintiff Smith's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

11.    Plaintiff Smith was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.    Defendant Home Depot U.S.A. Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Defendant Home Depot sells tools, construction products, appliances, and various services, including fuel and transportation rentals. Home Depot is the largest home improvement retailer in the United States.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.    This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.    Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in Hillsborough County.

## FACTS COMMON TO ALL CLAIMS

16.    The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4] The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar[ that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business. And, it is a stalking problem, in my opinion."[7]

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.
[4] *Id.*
[5]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.

18.     Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of  "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms of enforcing motor vehicle records, that motor vehicle records are records that are kept by the Department in its database and involves all registrations, histories, certificates, [and] licenses, including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's understanding that all such material – including driver's licenses and the confidential information contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative history reveals how "the information on your license, and in that [driver's license] magnetic strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the purpose of getting a license or registration is to be used by the Department and by others for those purposes only. It [i]s not to be used as a data bank for marketing. It [i]s not to be used as a data

---

[8] *Id.* at p. 16.
[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

bank for any other purpose; it [i]s to be used only to enforce motor vehicle laws.[13]

21.    Regarding the first of the proscribed types of conduct described by Mr. Kurk – utilizing driver's licenses and the information contained thereby and therein to build a "data bank for marketing" – the New Hampshire state legislature recognized that "the potential is there to take the information off the back of [a driver's] license and keep a track record . . . of people that … come in"[14] to a location.  The General Court noted that a business owner might "break down his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.    Additionally, the legislature worried about how the hypothetical business owner described *supra* "could find out how many blonde women named Karen over 5' 2" came in over a weekend, how many of his customers have the middle initial M. and, more practically, he can build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash rather than a credit or debit card, by withholding their names from store associates, by choosing not to share with store associates any receipts from their prior purchases, etc.), the hypothetical business owner with prying eyes might – profitably and permanently – link a person's business transactions with that person's identity, simply (and perhaps unbeknownst to said person) by collecting the person's driver's license.  The General Court, through the DPA, wished to put an end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit by usurping the aforementioned property of the state – and to how, by building databases and/or

---

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.
[15] *Id.* at p. 12.
[16] *Id.*

7

mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.    Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.    The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*.  Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20]  Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.    Indeed, a New Hampshire-based news outlet relates:

John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information

---

[17] *Id.* at p. 13.
[18] *Id.*
[19] *Id.*
[20] *Id.*

is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.    However, Defendant plainly violates the Driver Privacy Act.

27.    In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

(a) " Motor vehicle records " means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) " Person " means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) " Personal information " means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

---

[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a)    Home Depot customers' driver's licenses, including the personal

information contained in them, constitute "motor vehicle records."  N.H. RSA 260:14,

I(a).

(b)    Home Depot, as an "organization or entity," constitutes a "person."

N.H. RSA 260:14, I(b).

(c)    The information in Home Depot customers' driver's licenses

(which are "motor vehicle records," as stated *supra*), including each customer's person's

photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information."  N.H. RSA 260:14, I(c).

(d)    Home Depot is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.  N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs

11

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.    This conduct plainly violates the DPA.  In fact, over twenty years ago, the New Hampshire Department of Safety issued a cease-and-desist letter to Defendant for similar conduct. *See* Exhibit A.  ("Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. . . . The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under N.H. RSA 260:14, III, IV or V and therefore this letter serves as notice to cease and desist your current practice.").[22]  Thus, Defendant was aware of the DPA for at least 20 years, and is still violating it anyway.

36.    Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

---

[22] https://web.archive.org/web/20180917180516/http://www.billericanews.com/news/pdf/homedepot.pdf.

38.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

39.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

40.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a)     whether Home Depot "knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department";

(b)     whether in the course of business, Home Depot "knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA 260:14, IX(b), and/or any other applicable laws; and

(d)     whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

41.    Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

42.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

43.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

46.     Home Depot customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

47.     Home Depot, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

48.     The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

49.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

50.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

15

(a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return").

(b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

51.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department. In addition, any professional or business license issued by this state and held by such person may, upon conviction and at the discretion of the court, be revoked permanently or suspended. Each such unauthorized disclosure, unauthorized use or false representation shall be considered a separate offense.

N.H. RSA 260:14, IX(a).

52.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

53.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

54.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

55.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

56.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)     By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has

encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

57.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

58.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

59.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

61.    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

62.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

63.    The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized

image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

64.    Home Depot is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

65.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

    (a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

    (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

66.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

67.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

68.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

69.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

70.    Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

71.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. Rev. Stat. § 260:14, IX(b), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale

their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

72.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

73.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.    For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.     For an order finding in favor of Plaintiff and the Class on all counts asserted
       herein;

d.     For liquidated damages of $2,500.00 for each of Defendant's violations of the
       DPA, pursuant to N.H. RSA 260:14, X;

e.     For injunctive and other equitable relief as is necessary to protect the interests of
       the Class, including, *inter alia*, an order requiring Defendant to comply with N.H.
       RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and
       expenses and costs of suit;

g.     For pre- and post-judgment interest on all amounts awarded, to the extent
       allowable; and

h.     For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

                                    Respectfully submitted,
                                    PAMELA SMITH,
                                    By her attorneys,

                                    **DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  April 10, 2023          By:    /s/ Benjamin T. King
                                      Benjamin T. King, NH Bar #12888
                                      14 South Street, Suite 5
                                      Concord, NH 03301
                                      (603) 224-1988
                                      benjamin@nhlawoffice.com

                                      and

                                    **BURSOR & FISHER, P.A.**

Date:  April 10, 2023          By:    /s/ Philip L. Fraietta
                                      Philip L. Fraietta, NY Bar #5297825
                                      (*to be admitted pro hac vice*)
                                      Matthew A. Girardi, NY Bar #5857057
                                      (*to be admitted pro hac vice*)
                                      888 Seventh Avenue
                                      New York, NY 10019
                                      (646) 837-7150
                                      pfraietta@bursor.com
                                      mgirardi@bursor.com

22

**EXHIBIT A**

December 5, 2002

Al Richards, Manager
Donna Thornton, Manager
Home Depot
42 D'Amante Drive
Concord, NH 03301

     RE:    NH Driver Privacy Act, RSA 260:14

Dear Mr. Richards and Ms. Thornton:

It has come to the Department of Safety's attention, by way of complaint, that Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. The Department of Safety received a complaint from a New Hampshire licensed driver who indicated that the person was refused a credit because s/he would not give the driver's license to the clerk.

Please be advised that the State of New Hampshire has one of the strictest driver privacy laws in the country. Pursuant to RSA 260:14, I(c) "personal information" means "....*information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information*". The law further provides that "[p]roper motor vehicle records shall be kept by the department at its office" and that motor vehicle records "...shall not be public records or open to inspection of any person," other than as proscribed in RSA 260:14.

Arguably, Home Depot's current practice violates the New Hampshire driver privacy law if such personal information is being required to be furnished by the person and without his or her express consent. The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under RSA 260:14, III, IV or V and therefore this letter serves as notice to *cease and desist* your current practice. The Department is providing you with an opportunity to amend your practice prior to taking action it deems necessary to protect individual privacy rights. The New Hampshire Legislature has made it clear that a driver's right to privacy is an important right that should be protected under clear and well defined guidelines.

Additionally and to that end, this past session the New Hampshire Legislature has enacted Chapter 242, Laws of 2002 which takes effect January 1, 2003. This law makes it a misdemeanor for anyone to knowingly scan, record, retain or store in any electronic form or format, personal information obtained from any New Hampshire license, unless authorized by the Department of Safety. **See** Chapter 242, Laws of 2002. However, as stated in the law, "[n]othing prohibits a person from transferring, in non-electronic form or format, personal information contained on the face of a license to another person, provided that the consent of the license holder is obtained...".

At this time, the Department has not authorized any scanning, recording, retaining or storing in any electronic form or format, the personal information obtained from any license. It is the Department's

Al Richards, Manager
Donna Thornton, Manager
November 18, 2002
Page 2 of 2

position that the law does not prohibit the photocopy of the front of a driver's license, so long as the photocopy is not scanned into an electronic form or format, and the consent of the license holder is obtained. However, the personal information contained in the photocopy of the driver's license may not be used for creating, retaining, or compiling an electronic database or file. I would appreciate it if Home Depot would review its return policy in light of the fact that the Department of Safety considers the practice of recording and retaining personal information from a driver license, into a database as being contrary to the letter and intent of the driver privacy law.

     The law and regulations (Saf-C 5600, Confidentiality of Motor Vehicle Records) may be found at www.state.nh.us/dmv/privacy.html. I thank you for your anticipated cooperation. If you have any additional questions or concerns, please do not hesitate to contact Marta Modigliani, Esq. I am

Very truly yours,

Richard M. Flynn, Commissioner
Department of Safety

Cc:    John A. Stephen, Assistant Commissioner
       Virginia C. Beecher, Director, Division of Motor Vehicles
       Marta Modigliani, Esq.

Filed
File Date: 5/25/2023 4:47 PM
Hillsborough Superior Court Northern District
E-Filed Document

### THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                        SUPERIOR COURT
NORTHERN DISTRICT

Docket No. 216-2023-CV-00234

Pamela Smith, individually and on behalf of all others similarly situated
Plaintiff

v.

Home Depot U.S.A., Inc.
Defendant

### **APPEARANCE OF KATHLEEN MAHAN**

In the above entitled action enter my appearance for defendant Home Depot U.S.A., Inc.

The mailing address of my client:
        Home Depot U.S.A., Inc.
        2455 Paces Ferry Road
        Atlanta, GA 30339

        A copy of this appearance has this day been served to all counsel of record using the
Court's e-serve system.

                                        Respectfully submitted,

                                        HOME DEPOT U.S.A., INC.,

                                        By its attorneys,

                                        HINCKLEY, ALLEN & SYNDER, LLP

Dated: May 25, 2023                     By: /s/ Kathleen Mahan
                                        Kathleen Mahan, Esq. (Bar No. 17124)
                                        650 Elm Street
                                        Manchester, NH 03101
                                        (603) 225-4334
                                        kmahan@hinckleyallen.com

True Copy Attest

W. Michael Scanlon

W. Michael Scanlon, Clerk of Court

May 26, 2023

1

* * * * * * * *

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this day on all counsel of record

via the Court's electronic filing service.

Dated: May 25, 2023                          */s/ Kathleen Mahan*
                                              Kathleen Mahan, Esq.


* * * * * * * *

2

Filed
File Date: 5/25/2023 4:47 PM
Hillsborough Superior Court Northern District
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**                                    **SUPERIOR COURT**
**NORTHERN DISTRICT**

### Docket No. 216-2023-CV-00234

Pamela Smith, individually and on behalf of all others similarly situated
Plaintiff

v.

Home Depot U.S.A., Inc.
Defendant

## <u>NOTICE OF FILING OF</u>
## <u>NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT</u>

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc., in the above captioned

matter, did, on May 25, 2023, file in the United States District Court for the District of New

Hampshire, the attached <u>Notice of Removal</u> (Exhibit 1) of said case from this Court to the United

States District Court for the District of New Hampshire.  Pursuant to 28 U.S.C. § 1446(d), this

Court "shall proceed no further unless and until the case is remanded."

Respectfully submitted this 25th day of May, 2023,

By: <u>*/s/ Kathleen M. Mahan*</u>
Kathleen M. Mahan, Esq.
Bar No. 17124
Hinkley Allen
650 Elm Street
Manchester, NH 03101
(603)-545-6118
kmahan@hinckleyallen.com



True Copy Attest

*W. Michael Scanlon*
W. Michael Scanlon, Clerk of Court

May 26, 2023

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon all counsel of record via the Court's electronic filing system, and has been served via electronic mail and first-class mail, postage prepaid, upon Plaintiff's counsel:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Giradi
888 Seventh Avenue
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

*/s/ Kathleen M. Mahan*
Kathleen M. Mahan

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PAMELA SMITH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-294 |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes this putative class action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and on the basis of the following facts, which show that this case may properly be removed to this Court.

## BACKGROUND AND PLAINTIFF'S COMPLAINT

1.     Plaintiff filed this putative class action on April 10, 2023 in the Superior Court of New Hampshire, Northern District, File No. 216-2013-cv-00234, captioned *Pamela Smith, individually and on behalf of all others similarly situated v. Home Depot U.S.A., Inc.* (the "State Court Action").

2.     The Complaint filed in the State Court Action is included as part of Exhibit A (the "Complaint" or "Compl."). Home Depot was served with the Complaint on April 25, 2023, making this removal timely.

1

3.      The Complaint asserts the following claims: (1) Violation of N.H. RSA 260:14, IX(a), and 2) Violation of N.H. RSA 260:14, IX(b).  *See* Compl., ¶¶ 44-73.

4.      The foregoing claims arise from Plaintiff's allegations that Home Depot unlawfully received and disclosed to unauthorized persons consumers' personal data found on drivers' licenses without their knowledge or consent.

5.      Plaintiff contends that this conduct violates the New Hampshire Driver Privacy Act and requests that the Court "prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA."  Compl., ¶ 36.

6.      Based on the allegations in the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and Home Depot has satisfied the procedural requirements for removal.

**THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA**

7.      This Court has original jurisdiction over the State Court Action, and the case may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

8.      CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains (1) at least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; (3) and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs.  28 U.S.C. § 1332(d).

9.      Based on the allegations in Plaintiff's Complaint, each of CAFA's requirements is satisfied here.

## A.  The Putative Class Exceeds 100 Members.

10.      Plaintiff purports to bring this action on behalf of "[a]ll persons in the State of New Hampshire whose driver's license information…was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation."  Compl., ¶ 37.

11.      Plaintiff also alleges that "members of the Class number in the hundreds of thousands."  Compl., ¶ 39.

12.      Thus, based on Plaintiff's allegations, the alleged putative class exceeds 100 individuals for purposes of CAFA.

13.      Accordingly, the aggregate number of putative class members exceeds the 100 required for purposes of 28 U.S.C. § 1332(d)(5)(B).

## B.  Minimal Diversity Exists.

14.      Under CAFA, there must be minimal diversity to confer original federal jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A).  Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *Id*.

15.      Plaintiff alleges that she is a citizen of New Hampshire, *see* Compl., ¶ 7, whereas Home Depot is a citizen of Delaware (its state of incorporation) and Georgia (its principal place of business).  *Id*. ¶ 12.

16.      Accordingly, Plaintiff, as a "member of a [putative] class of plaintiffs," is a citizen of a State different from Home Depot, the only defendant in this case.  28 U.S.C. § 1332(d)(2)(A) (emphasis added).  CAFA's minimal diversity requirement is thus satisfied.

**C.  The Amount in Controversy Exceeds $5 Million.**

17.     Lastly, under CAFA, the "matter in controversy" must "exceed[ ] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  To meet this requirement, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84, 89 (2014).  Even "when a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id*. at 84.

18.     Here, Plaintiff alleges that she and the other putative class members are entitled to recover at least $2,500 on *each* violation asserted in the Complaint.  *See* Compl., ¶¶ 58, 73.

19.     Thus, based on the allegations in the Complaint, Plaintiff and "hundreds of thousands" of putative class members *each* seek to recover $2,500 on *each* count.  These alleged damages far exceed $5 million.

20.     Accordingly, because the above figures demonstrate a "reasonable probability that more than $5 million is at issue in this case," Home Depot has shown that the amount in controversy requirement is met for removal under CAFA.  *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 82 (1st Cir. 2014).

**HOME DEPOT HAS SATISFIED
THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

21.     This Notice of Removal sets forth Home Depot's "short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a).

22.     Home Depot is removing the State Court Action to the United States District Court for the District of New Hampshire, because the case was originally filed in the Superior Court of New Hampshire, a state court located within this district.  Thus, this Court is in the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

23.    Additionally, Home Depot's Notice of Removal is timely, because it was filed within 30 days of service of the Complaint on Home Depot.  *See* 28 U.S.C. § 1446(b).  Home Depot was served with the Complaint on April 25, 2023, and it filed this Notice of Removal on May 25, 2023.  No previous application has been made for the relief requested herein.

24.    Further, "a copy of all process, pleadings, and orders served" on Home Depot in the State Court Action is attached as Exhibit A.  *See* 28 U.S.C. § 1446(a).[1]  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served upon counsel for Plaintiff and filed with the Superior Court of New Hampshire.  *See* Exhibit C (State Court Notice). A Notice to Counsel of Removal is being served on counsel for Plaintiff via email and First-Class mail. *See* Exhibit B.

25.    Pursuant to this Court's Local Rule 81.1(c), Defendant is also requesting a certified copy of the State Court Record and will file same with this Court upon receipt.

26.    Home Depot has not yet filed a responsive pleading in this case, and it reserves all rights to assert any and all defenses with respect to the Complaint.  Additionally, it reserves the right to amend or supplement this Notice.

27.    For the foregoing reasons, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

## **CONCLUSION**

WHEREFORE, Home Depot removes this action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).

---

[1] Exhibit A contains the Summonses, Cover Sheet, Complaint, Proof of Service, and the current docket sheet.  These documents encompass all "process, pleadings, and orders served" on Defendant Home Depot in the State Court Action.

Dated: May 25, 2023                  Respectfully submitted,

                                     By: */s/ Kathleen M. Mahan*
                                     Kathleen M. Mahan, Esq.
                                     Bar No. 17124
                                     **HINCKLEY ALLEN**
                                     650 Elm Street
                                     Manchester, NH 03101
                                     (603)-545-6118
                                     kmahan@hinckleyallen.com


                                     S. Stewart Haskins II, Esq. (*pro hac vice* forthcoming)
                                     Georgia Bar No. 336104
                                     Elizabeth Adler, Esq. (*pro hac vice* forthcoming)
                                     Georgia Bar No. 558185
                                     Misty L. Peterson, Esq. (*pro hac vice* forthcoming)
                                     Georgia Bar No. 243715
                                     Mandi Goodman, Esq. (*pro hac vice* forthcoming)
                                     Georgia Bar No. 643117
                                     **KING & SPALDING LLP**
                                     1180 Peachtree Street, N.E.
                                     Atlanta, GA  30309-3521
                                     Telephone:  404-572-4600
                                     Fax:  404-572-5100
                                     shaskins@kslaw.com
                                     eadler@kslaw.com
                                     mpeterson@kslaw.com
                                     mgoodman@kslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was electronically

filed with the Court and served via U.S. Mail upon the following counsel of record:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Giradi
888 Seventh Avenue
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

This 25th day of May, 2023.

By: */s/ Kathleen M. Mahan*
Kathleen M. Mahan

# EXHIBIT A

Service Copy

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:   **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:   **216-2023-CV-00234**

Date Complaint Filed: April 10, 2023

A Complaint has been filed against Home Depot U.S.A., Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| June 03, 2023 | Pamela Smith shall have this Summons and the attached Complaint served upon Home Depot U.S.A., Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| June 24, 2023 | Pamela Smith shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Home Depot U.S.A., Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Home Depot U.S.A., Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Benjamin T. King, ESQ        Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301

Home Depot U.S.A., Inc.        2455 Paces Ferry Road Atlanta GA  30339

BY ORDER OF THE COURT

April 19, 2023

A TRUE COPY ATTEST:

W. Michael Scanlon
Clerk of Court

(1261161)

Deputy Brian J. DeFranzo
Merrimack County Sheriff's Office

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Pamela Smith v Home Depot U.S.A., Inc.**
Case Number:    **216-2023-CV-00234**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Hillsborough Superior Court Northern District.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Hillsborough Superior Court Northern District** as the location.

3. Select "I am filing into an existing case". Enter **216-2023-CV-00234** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 4/10/2023 12:20 PM
Hillsborough Superior Court Northern District
E-Filed Document

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                          SUPERIOR COURT
NORTHERN DISTRICT

216-2023-CV-00234

PAMELA SMITH,
individually and on behalf of all others similarly situated,
286 Windsor Road
Hillsborough, NH 03244

v.

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road
Atlanta, GA 30339

### CLASS ACTION COMPLAINT
**Jury Trial Requested**

Plaintiff Pamela Smith, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action against Defendant Home Depot U.S.A., Inc. ("Defendant" or

"Home Depot") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)     seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

3.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class

---

[1]    The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns). Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer. It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID. The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

### THE PARTIES

7.      Plaintiff Pamela Smith ("Plaintiff") is a citizen of New Hampshire, residing in Hillsboro, New Hampshire.  Within the past three years, Plaintiff has made multiple non-receipted returns of construction materials, lawn and garden tools, and other items to a Home Depot retail store in Concord, New Hampshire.  Plaintiff similarly completed multiple in-store credit transactions at a Home Depot retail store in Concord, New Hampshire.

8.      Defendant required Plaintiff Smith to release the personal information (including, but not limited to, Plaintiff Smith's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff Smith sought to complete the return of an item without showing a receipt (during Plaintiff Smith's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff Smith's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff Smith's DLTs, from Plaintiff Smith's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected

3

during DLTs – specifically, Plaintiff Smith's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

11.     Plaintiff Smith was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.     Defendant Home Depot U.S.A. Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Atlanta, Georgia. Defendant Home Depot sells tools, construction products, appliances, and various services, including fuel and transportation rentals. Home Depot is the largest home improvement retailer in the United States.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in Hillsborough County.

4

## FACTS COMMON TO ALL CLAIMS

16.    The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar[ that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business. And, it is a stalking problem, in my opinion."[7]

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.

[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

[4] *Id.*

[5]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.

[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.

[7] *Id.* at p. 13.

18.     Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but ... to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms of enforcing motor vehicle records, that motor vehicle records are records that are kept by the Department in its database and involves all registrations, histories, certificates, [and] licenses, including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's understanding that all such material – including driver's licenses and the confidential information contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative history reveals how "the information on your license, and in that [driver's license] magnetic strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the purpose of getting a license or registration is to be used by the Department and by others for those purposes only. It [i]s not to be used as a data bank for marketing. It [i]s not to be used as a data

---

[8] *Id.* at p. 16.
[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txts essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.     Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can

conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the  hypothetical business owner

described *supra* "could find out how many blonde women named Karen over 5' 2" came in over

a weekend, how many of his customers have the middle initial M. and, more practically, he can

build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when

customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash

rather than a credit or debit card, by withholding their names from store associates, by choosing

not to share with store associates any receipts from their prior purchases, etc.), the hypothetical

business owner with prying eyes might – profitably and permanently – link a person's business

transactions with that person's identity, simply (and perhaps unbeknownst to said person) by

collecting the person's driver's license.  The General Court, through the DPA, wished to put an

end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit

by usurping the aforementioned property of the state – and to how, by building databases and/or

---

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.
[15] *Id.* at p. 12.
[16] *Id.*

7

mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.    Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.    The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*.  Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20]  Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.    Indeed, a New Hampshire-based news outlet relates:

John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information

---

[17] *Id.* at p. 13.
[18] *Id.*
[19] *Id.*
[20] *Id.*

is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.    However, Defendant plainly violates the Driver Privacy Act.

27.    In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

(a) " Motor vehicle records " means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) " Person " means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) " Personal information " means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

---

[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a)     Home Depot customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

(b)     Home Depot, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

(c)     The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information." N.H. RSA 260:14, I(c).

(d)     Home Depot is not a "legitimate business" because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research. N.H. RSA 260:14, I(d).

29.     N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department. In addition, any professional or business license issued by this state and held by such person may, upon conviction and at the discretion of the court, be revoked permanently or suspended. Each such unauthorized disclosure, unauthorized use or false representation shall be considered a separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs

11

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.     This conduct plainly violates the DPA. In fact, over twenty years ago, the New Hampshire Department of Safety issued a cease-and-desist letter to Defendant for similar conduct. *See* Exhibit A. ("Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. . . . The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under N.H. RSA 260:14, III, IV or V and therefore this letter serves as notice to cease and desist your current practice.").[22] Thus, Defendant was aware of the DPA for at least 20 years, and is still violating it anyway.

36.     Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

---

[22] https://web.archive.org/web/20180917180516/http://www.billericanews.com/news/pdf/homedepot.pdf.

38.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

39.     Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

40.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a)     whether Home Depot "knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department";

(b)     whether in the course of business, Home Depot "knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA 260:14, IX(b), and/or any other applicable laws; and

(d)     whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

41.     Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

42.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

43.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

44.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

46.    Home Depot customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

47.    Home Depot, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

48.    The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

49.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

50.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

15

(a)     seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

(b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

51.     N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

52.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

53.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

54.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

55.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

56.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)     By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has

17

encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

57.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

58.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

59.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

61.     Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

62.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

63.     The information in Home Depot customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized

image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

64.     Home Depot is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

65.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

        (a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

        (b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

66.     N.H. RSA 260:14, IX(b) provides:

        A person is guilty of a class B felony if, in the course of business,
        such person knowingly sells, rents, offers, or exposes for sale
        motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

67.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

68.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

69.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

70.    Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

71.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. Rev. Stat. § 260:14, IX(b), because:

    (a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale

their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)     By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

72.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

73.     Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.     For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.    For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.    For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.    For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.    For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
PAMELA SMITH,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  April 10, 2023          By:    /s/ Benjamin T. King
                                      Benjamin T. King, NH Bar #12888
                                      14 South Street, Suite 5
                                      Concord, NH 03301
                                      (603) 224-1988
                                      benjamin@nhlawoffice.com

                                      and

**BURSOR & FISHER, P.A.**

Date:  April 10, 2023          By:    /s/ Philip L. Fraietta
                                      Philip L. Fraietta, NY Bar #5297825
                                      (*to be admitted pro hac vice*)
                                      Matthew A. Girardi, NY Bar #5857057
                                      (*to be admitted pro hac vice*)
                                      888 Seventh Avenue
                                      New York, NY 10019
                                      (646) 837-7150
                                      pfraietta@bursor.com
                                      mgirardi@bursor.com

22

**EXHIBIT A**

December 5, 2002

Al Richards, Manager
Donna Thornton, Manager
Home Depot
42 D'Amante Drive
Concord, NH  03301

       RE:     NH Driver Privacy Act, RSA 260:14

Dear Mr. Richards and Ms. Thornton:

      It has come to the Department of Safety's attention, by way of complaint, that Home Depot has a return policy that includes the retaining and storing of customer personal information obtained from a New Hampshire driver's license for the purpose of tracking merchandise and preventing a customer from continuously getting store credits on the same merchandise. The Department of Safety received a complaint from a New Hampshire licensed driver who indicated that the person was refused a credit because s/he would not give the driver's license to the clerk.

      Please be advised that the State of New Hampshire has one of the strictest driver privacy laws in the country. Pursuant to RSA 260:14, I(c) "personal information" means "….*information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information*". The law further provides that "[p]roper motor vehicle records shall be kept by the department at its office" and that motor vehicle records "…shall not be public records or open to inspection of any person," other than as proscribed in RSA 260:14.

      Arguably, Home Depot's current practice violates the New Hampshire driver privacy law if such personal information is being required to be furnished by the person and without his or her express consent. The Department is of the position that Home Depot's request for the personal information of a New Hampshire licensed driver is not a recognized exception under RSA 260:14, III, IV or V and therefore this letter serves as notice to *cease and desist* your current practice. The Department is providing you with an opportunity to amend your practice prior to taking action it deems necessary to protect individual privacy rights. The New Hampshire Legislature has made it clear that a driver's right to privacy is an important right that should be protected under clear and well defined guidelines.

      Additionally and to that end, this past session the New Hampshire Legislature has enacted Chapter 242, Laws of 2002 which takes effect January 1, 2003. This law makes it a misdemeanor for anyone to knowingly scan, record, retain or store in any electronic form or format, personal information obtained from any New Hampshire license, unless authorized by the Department of Safety. See Chapter 242, Laws of 2002. However, as stated in the law, "[n]othing prohibits a person from transferring, in non-electronic form or format, personal information contained on the face of a license to another person, provided that the consent of the license holder is obtained…".

      At this time, the Department has not authorized any scanning, recording, retaining or storing in any electronic form or format, the personal information obtained from any license. It is the Department's

Al Richards, Manager
Donna Thornton, Manager
November 18, 2002
Page 2 of 2

position that the law does not prohibit the photocopy of the front of a driver's license, so long as the photocopy is not scanned into an electronic form or format, and the consent of the license holder is obtained. However, the personal information contained in the photocopy of the driver's license may not be used for creating, retaining, or compiling an electronic database or file. I would appreciate it if Home Depot would review its return policy in light of the fact that the Department of Safety considers the practice of recording and retaining personal information from a driver license, into a database as being contrary to the letter and intent of the driver privacy law.

The law and regulations (Saf-C 5600, Confidentiality of Motor Vehicle Records) may be found at www.state.nh.us/dmv/privacy.html . I thank you for your anticipated cooperation. If you have any additional questions or concerns, please do not hesitate to contact Marta Modigliani, Esq. I am

Very truly yours,

Richard M. Flynn, Commissioner
Department of Safety

Cc:     John A. Stephen, Assistant Commissioner
        Virginia C. Beecher, Director, Division of Motor Vehicles
        Marta Modigliani, Esq.

# Merrimack County Sheriff's Office

DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

HOME DEPOT USA LLC
10 FERRY ST    313
CONCORD, NH 03301

### AFFIDAVIT OF SERVICE

MERRIMACK, SS                                           4/25/23

I, DEPUTY BRIAN J DEFRANZO, on this date at ___12:25___ a.m. p.m.,
summoned the within named defendant HOME DEPOT USA INC as within commanded,
by leaving at the office of Registered Agent Corporation Service Company,
10 Ferry Street, Suite 313, Concord, said County and State of New
Hampshire, its true and lawful agent for service of process under and by
virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested
copy of this Summons and Complaint.

FEES

| | | |
|---|---|---|
| Service | $30.66 |
| Postage | 1.00 |
| Travel | 18.34 |
| TOTAL | $50.00 |

_____
DEPUTY BRIAN J DEFRANZO
Merrimack County Sheriff's Office

Hillsborough North

## Case Summary

### Case No. 216-2023-CV-00234

| | | |
|---|---|---|
| **Pamela Smith v Home Depot U.S.A., Inc.** | § | Location: **Hillsborough North** |
| | § | Filed on: **04/10/2023** |

---

## Case Information

| | |
|---|---|
| Case Type: | Tort-Other |
| Case Status: | **04/10/2023**  Pending |

## Assignment Information

**Current Case Assignment**
Case Number    216-2023-CV-00234
Court          Hillsborough North
Date Assigned  04/10/2023

---

## Party Information

**Plaintiff**    **Smith, Pamela**    King, Benjamin T. ESQ
                                      *Retained*
                                      603-224-1988(W)

**Defendant**    **Home Depot U.S.A., Inc.**

---

## Events and Orders of the Court

| | | |
|---|---|---|
| 04/10/2023 | Complaint - Civil | Index # 1 |
| | *Jury Trial/Class Action* | |
| | Party:  Plaintiff Smith, Pamela | |
| 04/19/2023 | Summons on Complaint | Index # 2 |
| | *ENV #2939186* | |
| 04/19/2023 | **Service** | |
| | Home Depot U.S.A., Inc. | |
| | Served: 04/25/2023 | |
| 04/25/2023 | Service | |
| 04/28/2023 | Return of Service | Index # 3 |
| | *on Def* | |
| | Party:  Plaintiff Smith, Pamela | |

# EXHIBIT B

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                          SUPERIOR COURT
NORTHERN DISTRICT

Docket No. 216-2023-CV-00234

Pamela Smith, individually and on behalf of all others similarly situated
Plaintiff

v.

Home Depot U.S.A., Inc.
Defendant

## **NOTICE TO COUNSEL OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc., in the above captioned

matter, did, on May 25, 2023, file in the United States District Court for the District of New

Hampshire, the attached Notice of Removal (Exhibit 1) of said case from this Court to the United

States District Court for the District of New Hampshire.  Pursuant to 28 U.S.C. § 1446(d), this

Court "shall proceed no further unless and until the case is remanded."


                                        Respectfully submitted,

                                        HOME DEPOT U.S.A., Inc.,

                                        By its attorneys,

                                        HINCKLEY, ALLEN & SYNDER, LLP

Dated: May 25, 2023                  By: */s/ Kathleen M. Mahan*_____
                                        Kathleen M. Mahan, Esq. (Bar No. 17124)
                                        650 Elm Street
                                        Manchester, NH 03101
                                        (603) 225-4334
                                        kmahan@hinckleyallen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Notice to Counsel of Removal has been has been

served via electronic mail and first-class mail, postage prepaid, upon Plaintiff's counsel:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Giradi
888 Seventh Avenue
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

*/s/ Kathleen M. Mahan*
Kathleen M. Mahan

# **EXHIBIT C**

## THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**                                    **SUPERIOR COURT**
**NORTHERN DISTRICT**

### Docket No. 216-2023-CV-00234

Pamela Smith, individually and on behalf of all others similarly situated
Plaintiff

v.

Home Depot U.S.A., Inc.
Defendant

## <u>NOTICE OF FILING OF</u>
## <u>NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT</u>

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc., in the above captioned matter, did, on May 25, 2023, file in the United States District Court for the District of New Hampshire, the attached <u>Notice of Removal</u> (Exhibit 1) of said case from this Court to the United States District Court for the District of New Hampshire.  Pursuant to 28 U.S.C. § 1446(d), this Court "shall proceed no further unless and until the case is remanded."

Respectfully submitted this 25th day of May, 2023,

By: *<u>/s/ Kathleen M. Mahan</u>*
Kathleen M. Mahan, Esq.
Bar No. 17124
Hinkley Allen
650 Elm Street
Manchester, NH 03101
(603)-545-6118
kmahan@hinckleyallen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing pleading has been served upon all counsel of record via the Court's electronic filing system, and has been served via electronic mail and first-class mail, postage prepaid, upon Plaintiff's counsel:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Giradi
888 Seventh Avenue
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

*/s/ Kathleen M. Mahan*
Kathleen M. Mahan

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Pamela Smith, individually and on behalf of all others similarly situated

**DEFENDANTS**

Home Depot U.S.A., Inc.

**(b)** County of Residence of First Listed Plaintiff    United States of America
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    United States of America
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See Attachment

Attorneys *(If Known)*

See Attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)

Brief description of cause:
Class Action Fairness Act of 2005

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   N/A     DOCKET NUMBER   216-2023-CV-00234

DATE   05/25/2023

SIGNATURE OF ATTORNEY OF RECORD   /s/ Kathleen Mahan

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| PAMELA SMITH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　　Defendant. | Case No. _____ |

## ATTACHMENT TO CIVIL ACTION COVER SHEET

Counsel for Plaintiff Pamela Smith:

Benjamin T. King, NH Bar #12888
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
(603)224-1988
Benjamin@nhlawoffice.com

Philip L. Fraietta, NY Bar #5297825
(to be admitted pro hac vice)
Matthew A. Girardi, NY Bar #5857057
(to be admitted pro hac vice)
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
(646)837-7150
pfraietta@bursor.com
mairardi@bursor.com

Counsel for Defendant Home Depot U.S.A., Inc.

Kathleen M. Mahan, Esq.. NH Bar No. 17124
**HINCKLEY ALLEN**
650 Elm Street
Manchester, NH 03101
(603)-545-6118
kmahan@hinckleyallen.com

S. Stewart Haskins II, Esq. (*pro hac vice* forthcoming), Georgia Bar No. 336104
Elizabeth Adler, Esq. (*pro hac vice* forthcoming), Georgia Bar No. 558185
Misty L. Peterson, Esq. (*pro hac vice* forthcoming), Georgia Bar No. 243715
Mandi Goodman, Esq. (*pro hac vice* forthcoming), Georgia Bar No. 643117
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  404-572-4600
shaskins@kslaw.com
eadler@kslaw.com
mpeterson@kslaw.com
mgoodman@kslaw.com