IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

PAMELA SMITH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 1:23-cv-294-LM

**HOME DEPOT U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

I.    THE NHDPA IS INAPPLICABLE. ................................................................................. 1

      a.    Drivers' Licenses Are Not Department *or* Motor Vehicle Records ............................. 1

II.    PLAINTIFF DOES NOT STATE A CLAIM UNDER SECTION IX(a). .............................. 5

III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION IX(b). ........................... 6

IV.    PLAINTIFF IS NOT AGGRIEVED UNDER THE NHDPA. ............................................ 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews v. Sirius XM Radio Inc.*,
    932 F.3d 1253 (9th Cir. 2019) ...................................................................................2, 4, 5

*DeVere v. Att'y Gen.*,
    146 N.H. 762, 764 (2001) ...............................................................................................2, 3

*Eby v. State*,
    166 N.H. 321, 96 A.3d 942 (2014) ......................................................................................2

*Figueroa v. Taylor*,
    No. 06 CIV. 3676 (PAC) (KNF), 2006 WL 3022966 (S.D.N.Y. Oct. 23, 2006) ......................4

*Foisie v. Worcester Polytechnic Inst.*,
    967 F.3d 27 (1st Cir. 2020) ................................................................................................9

*Fontanez v. Skepple*,
    563 F. App'x 847 (2d Cir. 2014) .........................................................................................2

*Hynes v. New Hampshire Democratic Party*,
    No. 2021-0551, 2023 WL 3744131 (N.H. June 1, 2023) ......................................................3, 7

*Krainewood Shores Ass'n, Inc. v. Town of Moultonborough*,
    174 N.H. 103, 260 A.3d 804 (2021) ..................................................................................6, 7

*Merrimon v. Unum Life Ins. Co. of Am.*,
    758 F.3d 46 (1st Cir. 2014) ................................................................................................9

*Mocek v. Allsaints USA Ltd.*,
    220 F. Supp. 3d 910 (N.D. Ill. 2016) ..................................................................................9

*Moulton v. Brookline Rent Control Bd.*,
    385 Mass. 228, 431 N.E.2d 225 (1982) ..............................................................................6

*Vander Luitgaren v. Sun Life Assur. Co. of Canada*,
    765 F.3d 59 (1st Cir. 2014) ................................................................................................8

**Statutes**

Driver Privacy Protection Act ...................................................................................................2

New Hampshire Driver Privacy Act (NHDPA) ................................................................. *passim*

R.S.A. 263:12 ............................................................................................................................3

RSA 260:14 ............................................................................................................................. *passim*

RSA 260:14, III ............................................................................................................................3

**INTRODUCTION**

In response to Home Depot's Motion to Dismiss, Plaintiff asks the Court to overlook fundamental flaws in her claims, ignore persuasive authority, and criminalize routine use of information merely because it is also contained in department and motor vehicle records. The New Hampshire Driver Privacy Act ("NHDPA") does not apply here, nor has Plaintiff adequately alleged a violation, and the Court should dismiss Plaintiff's Complaint in its entirety.

**ARGUMENT**

**I.   THE NHDPA IS INAPPLICABLE.**

   **a.   Drivers' Licenses Are Not Department *or* Motor Vehicle Records**

Plaintiff's driver's license is not the kind of record sought to be protected under the NHDPA. *See* Motion at 8-13. The NHDPA covers "department" records and "motor vehicle" records—both of which are *maintained with the New Hampshire Department of Safety*. Indeed, the New Hampshire implementing regulations define "Department" as "the New Hampshire department of safety," *See* N.H. Code Admin. R. Saf-C 5601.04, and state that "[m]otor vehicle records are maintained at the Department of Safety, Division of Motor Vehicles." N.H. Code Admin. R. Saf-C 5602.01. The statute also states that "motor vehicle records shall be kept by the department at its office." N.H. Rev. Stat. Ann. § 260:14, II(a). Accordingly, Plaintiff's argument that courts "will not defer to an agency's statutory interpretation if it clearly conflicts with the statutory language or if it is plainly incorrect" makes no sense in this context, given that there is no conflict. Resp. at 8. Rather, the plain language of the statute *and* the implementing regulations make clear that department records and motor vehicle records are those maintained with the New Hampshire Department of Safety and therefore are *not* Plaintiff's personal driver's license or the information contained within it.

1

To illustrate the point, Home Depot cited to numerous decisions holding that driver's licenses are not motor vehicle records. *See* Motion at 10-13. For example, as the Ninth Circuit explains in *Andrews*, even if a driver's license itself could be considered a "record" generally, it "does not necessarily mean it is a '*motor vehicle* record.'" *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1259 (9th Cir. 2019). Indeed, "[a] driver's license, though issued by the DMV, becomes the possession of an *individual*, not the DMV that issued it." *Id*. at 1260; *see also id*. (explaining that the definition of record is "information about an individual that *is maintained by an agency*.") (emphasis in original); *see also Fontanez v. Skepple,* 563 F. App'x 847, 849 (2d Cir. 2014) (holding that "the personal information from her driver's license that she had provided as proof of identity" was not a "DMV record").

In response, Plaintiff contends the federal Driver Privacy Protection Act is different than the NHDPA—but Plaintiff merely argues that the NHDPA is broader than the federal DPPA, citing a dissent in *DeVere*. Resp. at 4. Plaintiff fails to cite any New Hampshire or other authority holding that the NHDPA is so broad that it covers Home Depot's conduct here. She also cites the unremarkable principle that federal case law is not binding on this Court. While Home Depot did not argue the federal DPPA cases are binding, those cases are a helpful source of authority, particularly when Home Depot is unaware of *any* New Hampshire cases interpreting the statutory provisions at issue.[1] The federal DPPA cases illustrate why Plaintiff's claims are meritless because

---

[1] Ironically, Plaintiff says that this Court should "follow the Supreme Court of New Hampshire's guidance" to resolve the Motion, despite there apparently being no guidance to follow. Resp. at 6. And, the Supreme Court of New Hampshire has explained in other contexts that when a federal and state statute or rule are "similar," the court may "rely upon federal cases interpreting the federal rule as analytic aids." *Eby v. State*, 166 N.H. 321, 340–41, 96 A.3d 942, 960 (2014).

drivers' licenses are not the kind of records governed by driver privacy statutes such as the NHDPA.[2]

Plaintiff argues that the NHDPA makes clear that drivers' licenses are considered motor vehicle and department records, Resp. at 7—but that argument misreads the plain language of the statute and ignores the statutory scheme and surrounding context, which must be considered in matters of statutory interpretation. *See Hynes v. New Hampshire Democratic Party,* No. 2021-0551, 2023 WL 3744131, at *3 (N.H. June 1, 2023) (noting that courts must "construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result" and to "not consider words and phrases in isolation, but rather within the context of the statute as a whole."). Notably, RSA Chapter 263 covers "Drivers' Licenses" and includes Section X of RSA 263:12, X, which makes it a misdemeanor for any person to "[k]nowingly scan, record, retain, or store, in any electronic form or format, personal information, as defined in RSA 260:14, obtained from any license, unless authorized by the department." N.H. RSA. 263:12. In other words, that another chapter in the RSA already specifically addresses prohibitions for scanning and retaining drivers' licenses and the personal information included on them further illustrates that RSA 260:14 was not intended to cover that same information.

Confronted with the reality that drivers' licenses do not fall within the statute's ambit, Plaintiff argues that the statute does not just cover motor vehicle records, but also the "information,

---

[2] Plaintiff also acknowledges that the court in *DeVere* stated that "the State legislature enacted the [New Hampshire DPA] to comply with the [Federal] DPPA," but then says the court rendered "an independent and de novo interpretation of the New Hampshire DPA" in that case without reference to federal case law. *See* Resp. at 6. But that argument misses the mark—in *DeVere*, the court was not considering the applicability of Sections IX(a) and (b), which are at issue here. Instead, it was considering whether the plaintiff's request for records was proper "for the purpose of legislative research" under N.H. RSA 260:14, III. *See DeVere v. Att'y Gen.,* 146 N.H. 762, 764 (2001). Thus, the fact that the court did not refer to federal case law in *DeVere* is irrelevant here.

3

including personal information, contained in [the licenses]." Resp. at 7. Because the statute is concerned only with protecting records maintained *at the department*, and a drivers' license itself is not considered a motor vehicle record because it is not maintained there, then it follows that neither can the information contained within it. *See, e.g., Figueroa v. Taylor*, No. 06 CIV. 3676 (PAC) (KNF), 2006 WL 3022966, at *4 (S.D.N.Y. Oct. 23, 2006) ("[w]here, as here, a defendant does not obtain a plaintiff's 'personal information' from a state motor vehicle agency, but instead, obtains that information directly from the plaintiff, any subsequent disclosure of that 'personal information'" is not a DPPA violation.). Moreover, the fact that Plaintiff's personal information may also simultaneously exist in some form at the Department does not mean that the information from her driver's license is maintained there or otherwise qualifies as a department or motor vehicle record. Resp. at 8. In other words, the statute cannot apply to prohibit all uses of information that also happens to exist on a drivers' license. Any other interpretation would provide litigants with an end run around the statute's aim: to prevent the use and disclosure of motor vehicle records maintained with the department.

Plaintiff also argues that it is "absurd" to contend that her driver's license is not a motor vehicle record maintained at the Department. Resp. at 6. But there is nothing absurd about Home Depot's position—indeed, it is Plaintiff's interpretation that would lead to absurd results. Assume that a furniture store requests Plaintiff's name and address to deliver a new sofa she purchased. Under Plaintiff's broad reading of the statute, if the store shares her name and address with a third-party delivery company, they are committing a misdemeanor under the NHDPA simply because that information also happens to be included in a "department record." This is not the law, nor was the NHDPA ever intended to have such absurd consequences. *See e.g., Andrews*, 932 F.3d at 1261 (noting that the court "will not subject a range of commonplace and innocuous activities

4

involving driver's licenses to potential DPPA liability."). Information contained in a driver's license is *not* a department or motor vehicle record. What is critical is the source of that information—i.e., where it was maintained—or else every use of a drivers' license for everyday consumer transactions, like those at issue in this case, would be criminalized. *See id*. at 1260 ("[W]here, as here, the initial source of personal information is a record in the possession of an individual, rather than a state DMV, then use or disclosure of that information does not violate the DPPA."). That is clearly not what the legislature intended, nor does it make any sense given the statutory language and the analysis of similar statutes set forth in the federal DPPA cases.

## II. PLAINTIFF DOES NOT STATE A CLAIM UNDER SECTION IX(a).

Setting aside the fatal deficiencies in Plaintiff's claims—namely that her driver's license and information contained within it are not department or motor vehicle records—Home Depot did not disclose such information to a person it knew to be unauthorized. *See* NH RSA 260:14, IX(a). Indeed, TRE is a service provider disclosed in Home Depot's Privacy Policies that the company uses for fraud prevention services when customers seek to initiate returns. *See* Motion at 13-14. Plaintiff alleges that she voluntarily provided her information to Home Depot to process her returns and thus agreed to use Home Depot and its services necessary to achieve that end. As such, TRE cannot be "unauthorized" within the meaning of the statute.

But even if TRE could be characterized as "unauthorized," Home Depot did not *know* that TRE was unauthorized. The NHDPA requires the person disclosing the prohibited information to in fact know that the person it is disclosing that information to is unauthorized, *see* N.H. RSA 260:14, IX(a)—but that is not the case here. As explained above, Plaintiff voluntarily provided her driver's license to Home Depot so that it could initiate her returns—and Home Depot routinely uses its third-party service provider to process and effectuate such returns. Plaintiff says that Home Depot cannot plead "ignorance," but *knowledge* is plainly what the statute requires. Resp. at 12.

5

Moreover, Plaintiff has not even alleged—in a non-conclusory manner—that Home Depot knew it was disclosing information to an unauthorized individual. *See* Compl., ¶¶ 30, 52, 55. And the Cease and Desist letter Plaintiff cites—from 2002—does not confer such knowledge. *Id*. ¶ 35. It merely sets forth the Department's position during that time that *Home Depot* could not "retain[ ] and stor[e] [ ] customer personal information obtained from a New Hampshire driver's license," and does not address use of a service provider. Resp. at 13, n. 3. Thus, Plaintiff's allegations do not sufficiently demonstrate Home Depot knew it was disclosing prohibited information to an unauthorized party, and her claim under Section IX(a) fails as a matter of law.

### III.     PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION IX(b).

Section IX(b) makes it a felony only if a person "in the course of business…knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section." N.H. RSA 260:14, IX(b). In other words, the prohibited conduct is focused on acts tied to the receipt of monetary or economic benefits—which Plaintiff does not allege here. Nor could she, as Home Depot provided information to TRE for the limited purpose of fraud prevention for merchandise returns, not "for sale" or monetary gain.

Plaintiff contends that a "simple statutory analysis disproves this" argument and confirms that even if the other terms are tied to monetary gain, "offers" is not because of the "last antecedent rule." Resp. at 14. But even that principle does not support Plaintiff's interpretation, and she ignores other critical statutory interpretative principles that dictate a different result. Indeed, though "[i]t is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent," that is not the case if "there is something in the subject matter or dominant purpose which requires a different interpretation." *Moulton v. Brookline Rent Control Bd*., 385 Mass. 228, 230–31, 431 N.E.2d 225, 227 (1982); *see also Krainewood Shores Ass'n, Inc. v. Town of Moultonborough,* 174 N.H. 103, 109, 260 A.3d 804, 809 (2021) ("The last

6

antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence."). Here, reading "offers" as a standalone term—divorced from its context—impairs the meaning of the sentence and the subject matter underlying this provision. *See Hynes,* No. 2021-0551, 2023 WL 3744131, at *3 (noting that courts must "construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result" and "do not consider words and phrases in isolation, but rather within the context of the statute as a whole."). Indeed, the verbs in this section—selling, renting, or exposing for sale certain information—all involve an offer and acceptance for gain, and "offers" is included in the middle of that grouping for a reason. To hold otherwise would improperly conflate the word "offers" with "discloses," which makes no sense given that Section IX(a) already prohibits the knowing disclosure of similar information, and the New Hampshire legislature specifically chose not to include that term here in Section IX(b). Accordingly, "offers" means something different than "discloses," and that is made clear by the fact that "offers" is grouped with other verbs describing the provision of information for monetary or economic gain. Home Depot did not offer Plaintiff's information for sale to TRE. Plaintiff therefore has not alleged a violation of this provision.

But even if Plaintiff was correct that "offers" is distinct from the terms surrounding it, Home Depot did not "offer" any information to TRE within the meaning of the statute here. Plaintiff states that an offer is defined as "[t]he act or an instance of presenting something for acceptance." Resp. at 14. But Home Depot does not present the information to TRE "for acceptance" or for any bargained for exchange, nor does Plaintiff even allege that to be true. Rather, Home Depot provides information to TRE for the limited purpose of helping to detect fraud for Home Depot's merchandise returns. This conduct is distinct from what is contemplated

under this section of the statute and therefore demonstrates that Plaintiff's claim under Section IX(b) is meritless.

**IV.    PLAINTIFF IS NOT AGGRIEVED UNDER THE NHDPA.**

Lastly, Plaintiff has not alleged that she is aggrieved within the meaning of the statute and thus has not established statutory standing. Plaintiff has not alleged *any* harm—let alone any economic harm. Instead, she asserts in her response brief that it is enough to have alleged a violation of the statute. *See* Resp. at 15-16.  Home Depot disputes that Plaintiff has done that here, but even if she did, she would still need to have a redressable injury as a result of that alleged violation. Indeed, the statute plainly states that only a person "aggrieved by" a violation of the statute can bring a civil claim under this section, *see* N.H. R.S.A. 260:14, X. That is, "aggrieved" must mean something—otherwise, the legislature could have simply authorized any person to bring a claim for a violation. Plaintiff's attempt to read out of the text the words "aggrieved by" is improper and inconsistent with the principle that "statutory standing…asks [ ] whether [the legislature] has accorded this injured plaintiff the right to sue the defendant [under the particular statute] *to redress his injury*." *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 62 (1st Cir. 2014) (emphasis added). Here, there is plainly no injury to redress.

Plaintiff next argues that, although she does not need to prove any injury because she has alleged a violation of the statute, "New Hampshire provides a constitutional right to privacy" and that her "right" was violated here. Resp. at 17. But as in the Complaint, Plaintiff does not allege how her right was violated or how she lost the right to control or use any of her personal information. To the contrary, Plaintiff alleges that she voluntarily provided her information to Home Depot, demonstrating that she did not consider the information to be private. *See, e.g.,* Compl., ¶ 7. Nor did Home Depot require Plaintiff to provide that information—Plaintiff could simply have presented her receipt with her return. She has also not explained how she lost the right

8

to control her information by her voluntary disclosure in this case—Plaintiff still maintains that information on her person to use and share as she wishes. Accordingly, Plaintiff has not demonstrated that she is aggrieved under the statute, and her response brief does nothing to change that.

Similarly, Plaintiff's response to Home Depot's citation of Article III authority on this point is misplaced, at best. As explained in Home Depot's Motion to Dismiss, *see* Motion at 20-21, Home Depot did not suggest that Plaintiff does not have constitutional, Article III standing—Plaintiff even acknowledges that this is not Home Depot's position. *See* Resp. at 18. Rather, Home Depot cited Article III cases to demonstrate that, in those cases—even where there was a lower bar for establishing constitutional standing—the plaintiffs were not able to do so. Here, where Plaintiff makes similar allegations and arguments for why she believes she has statutory standing, the allegations are also insufficient. Plaintiff does not attempt to distinguish those cases or explain why her allegations are otherwise sufficient here.[3] Accordingly, Plaintiff's argument is nothing more than an attempt to distract the Court from the clear deficiencies in her claims, and it should be disregarded here.

---

[3] Moreover, the case Plaintiff cites—from a district court in Illinois—does not suggest that Home Depot's argument is improper or sanctionable at all. *See* Resp. at 18. Rather, in *Mocek*, the court granted fees to the plaintiff after defendant removed the case on the ground that the court had subject matter jurisdiction, and then moved to dismiss for lack of subject matter jurisdiction. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016). That is not the case here—Home Depot has not moved to dismiss for a lack of subject matter jurisdiction, but rather has moved to dismiss Plaintiff's claims for failure to state a claim and has asserted, as part of that Motion, that Plaintiff does not meet the statutory definition of an "aggrieved" person. *See Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 53, fn. 3 (1st Cir. 2014) ("Statutory standing is, of course, different than constitutional standing."); *see also Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 44 (1st Cir. 2020) ("Arguments concerning the absence of statutory standing, unlike arguments concerning the absence of constitutional standing, do not address a court's subject matter jurisdiction but, rather, address the merits of the plaintiff's claims.").

## **CONCLUSION**

For these reasons, and the reasons identified in Home Depot's Motion to Dismiss (ECF Nos. 11, 11-1), Home Depot respectfully requests that the Court grant the Motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted, this 31st day of August, 2023.

By: */s/ Kathleen M. Mahan*
Kathleen M. Mahan, Esq.
Bar No. 17124
HINCKLEY ALLEN
650 Elm Street
Manchester, NH 03101
(603)-545-6118
kmahan@hinckleyallen.com

S. Stewart Haskins II, Esq. (pro hac vice)
Georgia Bar No. 336104
Elizabeth Adler, Esq. (pro hac vice forthcoming)
Georgia Bar No. 558185
Misty L. Peterson, Esq. (pro hac vice forthcoming)
Georgia Bar No. 243715
Mandi Goodman, Esq. (pro hac vice forthcoming)
Georgia Bar No. 643117
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA  30309-3521
Telephone:  404-572-4600
Fax:  404-572-5100
shaskins@kslaw.com
eadler@kslaw.com
mpeterson@kslaw.com
mgoodman@kslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was electronically filed with the Court and that the following counsel of record will have received the filing through CM/ECF:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
888 Seventh Avenue
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

This 31st day of August, 2023.

By: */s/ Kathleen M. Mahan*
Kathleen M. Mahan