**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| PAMELA SMITH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>        Defendant. | Case No. 1:23-cv-00294-LM |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Pamela Smith ("Plaintiff") respectfully submits this surreply in opposition to Defendant Home Depot U.S.A. Inc.'s ("Home Depot" or "Defendant") Motion to Dismiss the Complaint (ECF No. 11).

## INTRODUCTION

In Defendant's reply in support of its motion to dismiss (ECF No. 17) ("Reply"), Defendant raised the wholly novel argument that the conduct at issue in this case is governed by "another chapter in the RSA [rather than N.H. RSA 260:14 that] already specifically addresses prohibitions for scanning and retaining drivers' licenses and the personal information included on them[, which] illustrates that RSA 260:14 was not intended to cover that same information." Reply at 3.

As an initial matter, this argument was waived by Defendant because it was not raised in the moving brief. *See*, *e.g.*, *Small Just. LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 323 n.11 (1st Cir. 2017) ("[A]rguments developed for the first time in a reply brief are waived.") (citation omitted); *Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 19 (1st Cir. 2017) ("It is well-settled that arguments not raised in an opening brief, but instead raised only in a reply, are deemed waived.") (citation omitted); *EnergyNorth Nat. Gas, Inc. v. Century Indem. Co.*, No. 99-CV-049-JD, 2007 WL 776124, at *1 n.4 (D.N.H. Mar. 15, 2007) ("Arguments raised for the first time in a reply brief, however, are waived."). However, to the extent the court considers this argument anyway, Plaintiff responds as follows.

## ARGUMENT

### I. THE CONDUCT AT ISSUE HERE DOES NOT IMPLICATE N.H. RSA 263:12

In its Reply, Defendant argues "that another chapter in the RSA already specifically addresses prohibitions for scanning and retaining drivers' licenses and the personal information

included on them [] illustrates that RSA 260:14 was not intended to cover that same information." Reply at 3. Thus, Defendant argues, their practice of sharing driver's license information was not covered by N.H. RSA 260:14 but by N.H. RSA 263:12. *Id.* This argument fails.

First, the argument that N.H. RSA 260:14 and N.H. RSA 263:12 were "not intended to cover the same information" (Reply at 3) is nonsensical, as N.H. RSA 263:12, X directly incorporates the definition of the "personal information" it covers from N.H. RSA 260:14. *See* N.H. RSA 263:12, X (regulating "scan[ning], record[ing], retain[ing], [and] stor[ing]" of "**personal information, as defined in RSA 260:14, obtained from any license**.") (emphasis added). Indeed, "personal information, as defined in RSA 260:14, obtained from any license" is the literal definition of a "motor vehicle record" under N.H. RSA 260:14. *See* N.H. RSA 260:14 ("'**Motor vehicle records' means all** applications, reports required by law, registrations, histories, certificates, and **licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them**.") (emphasis added).

If the two sections cover overlapping information, they must cover different conduct. Here, N.H. RSA 263:12 does not purport to cover the **electronic transmission** of the personal information contained in drivers licenses, **without consent**, to a third party. That conduct is covered (and explicitly barred) by N.H. RSA 260:14. N.H. RSA 263:12, X, by its plain language, applies solely to the "scan[ning], record[ing], retain[ing], [and] stor[ing]" of "personal information as defined in RSA 260:14, obtained from any license." N.H. RSA 263:12, X. Further, the sole reference in N.H. RSA 263:12, X to "transfer" of such information is a carveout, as the statute notes that "[n]othing in **this paragraph** shall prohibit a person from

transferring, in **non-electronic form or format**, personal information contained on the face of a license to another person, **provided that the consent of the license holder is obtained** …" *Id.* (emphasis added).[1]  N.H. RSA 263:12 thus neither references nor covers **electronic transmission** of that the information contained in drivers' licenses.

Here, Defendant's transfer of driver's license information and motor vehicle records to TRE is allegedly both **electronic** and **done without consent of the license holders**.  Compl. ¶¶ 5, 11, 54, 69.  It is thus not covered by N.H. RSA 263:12. Rather it is covered by N.H. RSA 260:14, which, as outlined in Plaintiff's Complaint, bars both the "knowing disclosure" of "information from a department record" and the "offering" of "motor vehicle records to another person."  *See* N.H. RSA 260:14.

## CONCLUSION

For the foregoing reasons, and the reasons identified in Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF. No. 15), Defendant's Motion should be denied in its entrety.

Dated: September 5, 2023                  Respectfully submitted,

/s/ *Matthew A. Girardi*
   Matthew A. Girardi

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (PHV), NY Bar #5857057
Philip L. Fraietta (PHV), NY Bar #5297825
1330 Avenue of the Americas
New York, NY 10019
(646) 837-7150
mgirardi@bursor.com
pfraietta@bursor.com

---

[1] Defendant does not argue it obtained consent to **transfer** Plaintiff's or classmembers' personal information.  In any event, it did not.  *See* Complaint (ECF. No. 1) ("Compl.") ¶¶ 5, 11, 54, 69.

3

**DOUGLAS, LEONARD & GARVEY, P.C.**
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

*Attorneys for Plaintiff*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was served this date upon all counsel of record via the ECF filing system.

/s/ Matthew A. Girardi
Matthew A. Girardi